# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| EMC INC., on behalf of Syamkumar Nagendla, § § § *Plaintiff*, § v. § § UNITED STATES OF AMERICA, et al., § § § *Defendants*. § | Civil Action No. 4:23-cv-296 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (the "Motion") (Dkt. #22). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

### BACKGROUND

This action concerns the denial by the United States Citizenship and Immigration Services ("USCIS") of an I-129, Petition for a Nonimmigrant Worker (the "I-129 Petition") filed by EMC Consulting Group, Inc (the "Petitioner"), on behalf of Syamkumar Nagendla ("Nagendla" or the "Beneficiary") (Dkt. #1; Dkt. #22-1). The Petitioner filed the I-129 Petition on June 30, 2021, seeking to classify Nagendla as an H-1B specialty occupation worker (Dkt. #22-1). On October 18, 2022, the I-129 Petition was denied based on USCIS's determination that the Petitioner failed to establish that a bona-fide job offer existed for the Beneficiary (the "Decision") (Dkt. #22-11).

Through this lawsuit, filed on April 6, 2023, Plaintiff EMC Inc. ("Plaintiff") seeks judicial review of the USCIS's Decision under the Administrative Procedure Act ("APA"). Specifically, Plaintiff requests a judgment setting aside the Decision to deny the I-129 Visa Petition, filed by the

Petitioner on behalf of the Beneficiary, on the ground that the decision was unlawful, arbitrary, and capricious (Dkt. #2 at p. 11). Plaintiff further requests an order from the Court requiring that USCIS approve the I-129 Petition and an award for its attorney's fees and costs for bringing this action (Dkt. #2 at p. 11).

On May 22, 2025, Defendants filed their Motion requesting the Court dismiss this action under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. #22). Plaintiff did not respond. The Motion is now ripe for adjudication.

## LEGAL STANDARD

### I. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court does not have statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject

matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

II.     **Rule 12(b)(6)**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Defendants urge the Court to dismiss Plaintiff's complaint for the following reasons: (1) because Plaintiff's purported injury is not fairly traceable to USCIS and Plaintiff cannot establish that the injury is redressable, the Court lacks subject matter jurisdiction; and (2) Plaintiff has failed to state a claim that USCIS violated the APA, as USCIS adhered to its governing regulations in denying the I-129 Petition (Dkt. #22 at pp. 10–12). The Court will first address the jurisdictional challenge and then address the substantive challenge.

I.  **Rule 12(b)(1)**

The Court begins with Defendants' Rule 12(b)(1) jurisdictional challenge based on Plaintiff's lack of standing (Dkt. #22 at p. 10). Standing is "an essential and unchanging part of the

case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must show an injury-in-fact that is fairly traceable to the challenged conduct, and the injury will likely be redressed by a favorable decision on the merits. *Id*. at 560-61. A person suing under the APA must satisfy Article III's standing requirements. *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 224 (2012). A petitioner is entitled to a right of review of a USCIS decision. *See* 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.").

Here, Defendants argue that Plaintiff, EMC Inc., is not the Petitioner, EMC Consulting Group, Inc., that filed the I-129 Petition at issue (Dkt. #22 at p. 10). Thus, Defendants ask the Court to find that Plaintiff lacks standing to seek judicial review of the Decision that does not affect it (Dkt. #22 at p. 10). The Court agrees. Moreover, because Plaintiff has not responded to Defendants' Motion, it is presumably undisputed that Plaintiff and Petitioner are different entities. As such, to the extent Plaintiff is challenging the Decision related to the I-129 Petition for which it was not the Petitioner, there is an absence of standing to do so because Plaintiff has not suffered a "legal wrong" or injury. *Id*.; *see also Kale v. INS,* 37 F. App'x 90, *2 (5th Cir. 2002) (per curiam) (unpublished) (a visa-petition beneficiary, as opposed to the petitioner, does not have standing to challenge the denial of the petition).

Accordingly, dismissal under Rule 12(b)(1) is warranted and Defendants' Motion should therefore be **GRANTED**.

## II.   Rule 12(b)(6)

Because the Court has established that the Court does not have jurisdiction to adjudicate this action, the Court need not address Defendants' challenge under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. #22) is hereby **GRANTED** and the case is hereby **DISMISSED**.

It is further **ORDERED** that the Clerk is directed to **CLOSE** this civil action

**IT IS SO ORDERED.**

**SIGNED this 12th day of January, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE